UNITED STATES of America,
Plaintiff,

v.

PHILIP MORRIS USA, INC., (f/k/a Philip Morris, Inc.) et al.
Defendants.

No. CIV.A. 99–2496GK.

United States District Court,
District of Columbia.

May 21, 2004.

---

Sharon Y. Eubanks, Stephen D. Brody, Frank J. Marine, Kenneth E. Sealls, U.S. Department of Justice, Washington, DC, for Plaintiff.

## MEMORANDUM OPINION

KESSLER, District Judge.

This matter is now before the Court on the Joint Motion for Summary Judgment by Defendants The Council for Tobacco Research—U.S.A., Inc. ("CTR") and the Tobacco Institute ("TI") ("Motion").[1] Upon consideration of the Motion, the Opposition, the Reply and the entire record herein, and for the reasons set forth below, the Defendants' Motion is **denied**.

## I. INTRODUCTION

Plaintiff, the United States of America (the "Government") has brought this suit against Defendants pursuant to Sections 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*.[2] Defendants are manufacturers of cigarettes and other tobacco-related entities. The Government seeks injunctive relief and $280 billion[3] for what it alleges to be a four-decade long unlawful conspiracy to intentionally and willfully deceive and mislead the American public. The Govern-

---

**1.** Defendants in this action are Philip Morris USA Inc. (f/k/a Philip Morris Incorporated), R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation (individually and as successor by merger to the American Tobacco Company), Lorillard Tobacco Company, Altria Group Inc. (f/k/a Philip Morris Companies, Inc.), British American Tobacco (Investments), Ltd., The Council for Tobacco Research–U.S.A., Inc., the Tobacco Institute, Inc. and The Liggett Group, Inc.. However, only The Council for Tobacco Research–U.S.A., Inc. and the Tobacco Institute, Inc. bring this Motion.

**2.** The Complaint originally contained four claims under three statutes. On September 28, 2000, the Court dismissed Count One (pursuant to the Medical Care Recovery Act, 42 U.S.C. § 2651, *et seq.*) and Count Two (pursuant to the Medicare Secondary Payer provisions of the Social Security Act, 42 U.S.C. §§ 1395y(b)(2)(B)(ii) & (iii)). *See United States v. Philip Morris*, 116 F.Supp.2d 131 (D.D.C.2000).

**3.** *See* United States' Prelim. Proposed Findings of Fact, at 14.

ment's factual allegations have been described in some detail in prior opinions, and need not be repeated here. *See e.g., United States v. Philip Morris Inc.*, 116 F.Supp.2d 131, 136–38 (D.D.C.2000).

CTR and TI are not-for-profit organizations created by the tobacco industry in the 1950s for the stated purposes of scientific research and trade association, respectively. The Government alleges that CTR and TI acted to facilitate a RICO conspiracy among the other Defendants by providing a uniform voice for those Defendants' misrepresentations, presenting a facade of independence, and offering mechanisms for enforcing the conspiracy. As a result of other litigation, both CTR and TI were ordered in 1998 to dismantle their operations and to cease all functions. *See* Motion, at 5–6, 9. Funding for CTR and TI was terminated in 1999. *Id.* CTR and TI now exist solely to conclude any pending litigation, such as the present case.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In considering a summary judgment motion, "the evidence of the non-movant is to be believed, and all justifiable inferences

are to be drawn in his favor." *Id.* at 255, 106 S.Ct. 2505. *See Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C.Cir. 1989).

## III. ANALYSIS

CTR and TI claim that they are entitled to summary judgment on all claims against them because the Government's allegations are insufficient as a matter of law to support an order of relief under Section 1964(a). *See* Motion, at 13. As this Court held, both the injunctive and disgorgement remedies which the Government seeks in this action are equitable and thus require a showing that there is a "likelihood of future violations." *Philip Morris*, 116 F.Supp.2d at 146; Memo. Op. on Joint Defs.' Mot. for Partial Sum. J. Dismissing the Govt's Disgorgement Claims, at 7. Accordingly, CTR and TI argue that the Government cannot prove any likelihood of future violations by these two entities because they have ceased operations and have been dissolved. *Id.* at 14. CTR and TI also claim that they are entitled to summary judgment on all claims because the relief the Government seeks in this case would involve the Court disrupting New York's administrative efforts dismantling these two entities, in violation of the *Burford* abstention doctrine.

The Government does not dispute that CTR and TI have been dissolved. *See* Govt's Opp'n., at 4. However, the Government argues that CTR and TI remain liable for RICO violations incurred prior to dissolution. *Id.* at 6–20. In addition, the Government argues that CTR and TI remain vicariously liable for the actions of their co-conspirators even after they have dissolved.[4] *Id.* at 8.

---

4. The Government also argues that CTR and TI, in their dissolved states, continue to par-

ticipate in the alleged RICO conspiracy by asserting improper claims of privilege over

## A. Summary Judgment as to Remedy Is Inappropriate Because There Is Not Yet a Finding as to Liability

■ Every lawsuit has two components: liability and remedy. This Court has held that the essential elements of RICO liability are: (1) conduct (2) of an enterprise (3) through a pattern of racketeering activity. *Philip Morris*, 116 F.Supp.2d at 146. If there is a finding of liability, courts may order any equitable remedy under RICO Section 1964(a), including the injunctive relief and disgorgement which the Government seeks in this action, only upon a showing of a future likelihood of RICO violations. *See id.* at 148; Mem. Op. to Joint Defs.' Mot. for Partial Sum. J. Dismissing the Govt's Disgorgement Claim, at 7.

Defendants do not argue for summary judgment on liability, as they cannot in light of the myriad material facts in dispute regarding all Defendants' liability. Instead, CTR and TI focus their Motion on the issue of remedy alone, arguing that, as a matter of law, even if the Government can prove their liability under RICO Sections 1962(c) and (d), it cannot establish the requirements for imposition of any remedy under Section 1964(a). However, this argument puts the "cart before the horse." Without the requisite predicate finding of CTR's and TI's RICO liability, it would be premature for the Court to consider whether summary judgment should be granted because RICO remedies may not be available. If, after finding liability, the Court concludes that the Government cannot show a reasonable likelihood of future RICO violations by CTR and TI, a dismissal of the case against them may be appropriate.[5]

## B. The *Burford* Abstention Doctrine Does Not Preclude the Government's Claims

■ CTR and TI also argue that they are entitled to summary judgment on the basis of the *Burford* abstention doctrine. *See* Motion, at 17. This doctrine requires courts to abstain from hearing claims whose adjudication in a federal forum "would be disruptive of state efforts to establish coherent policy with respect to a matter of substantial public concern." *Burford v. Sun Oil*, 319 U.S. 315, 332, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). CTR and TI contend that the relief the Government seeks in this case would necessitate disrupting the New York administrative scheme for dismantling these two entities. *See* Motion, at 17. The Government, in turn, argues that the *Burford* doctrine is inapplicable to the instant case because the adjudication of its RICO claims involves exclusively federal law issues. Govt's Opp'n., at 24.

In *Burford*, the Sun Oil Company brought action in federal court, based on diversity grounds, to enjoin enforcement of an administrative order of a Texas State commission granting Burford a permit to drill four oil wells on a particular oil field. *Burford*, 319 U.S. at 332, 63 S.Ct. 1098. The Supreme Court concluded that the

---

documents in this and other pending litigation in order to conceal information. *See* Govt's Opp'n., at 8, n 12. The Court need not decide whether such assertions of privilege are improper because, even if they are, such assertions are not sufficient alone, in light of the dissolution of CTR and TI, to establish either liability or future likelihood of the RICO violations.

5. The Court is not unsympathetic to the arguments of CTR and TI, who have effectively ceased to exist and seem to have no actual ability to continue alleged past RICO violations. The Court hopes that the Government will exercise good litigation judgment in its assessment of what, if any, value there is in proceeding against CTR and TI.

Texas courts should have the first opportunity to consider the substantial problems posed by the lawsuit because: (1) the order under consideration was part of the general regulatory system devised for the conservation of oil and gas in Texas; (2) Texas had substantial interests in the regulation of its natural resources; and (3) Texas had already devised a system of review regarding oil regulation that could be impaired by inconsistent federal decisions trying to ascertain the complex state law governing such matters. *Id.* at 318, 321–30, 63 S.Ct. 1098. Due to the potentially overlapping claims of many parties who had an interest in a common pool of oil in Texas, the Court held that these factors weighed in favor of federal abstention to allow for state adjudication. *Id.* at 332, 63 S.Ct. 1098.

None of the factors that made abstention appropriate in *Burford* are present in this case. The relief which the Government seeks will not interfere with New York's enforcement of its dissolution of CTR and TI. Rather, the remedies sought mirror and supplement New York's administrative efforts. In addition, adjudication of these RICO claims does not involve complex or significant issues of State law or policy in which New York has a substantial interest. In fact, this case involves enforcement of a federal statute protecting the United States' paramount sovereign interests, which New York's administrative scheme does not address.

The Supreme Court has emphasized that the "presence of federal law issues must always be a major consideration weighing against [abstention]." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The task in abstention cases is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court but rather to ascertain whether there exist "exceptional" circumstances that can justify the *surrender* of that jurisdiction. *Id.* at 25, 103 S.Ct. 927. Accordingly, the Court concludes that adjudication in federal court of the RICO claims against CTR and TI involves exclusively federal law issues, that there are no exceptional circumstances justifying surrender of federal jurisdiction, and therefore application of the *Burford* abstention doctrine is not warranted.

## IV. CONCLUSION

Though Defendants CTR and TI have effectively ceased to exist and may not be reasonably likely to commit future RICO violations, it is premature for the Court to address dismissal because of inapplicability of available remedies before there is even a finding on liability. In addition, because this case involves enforcement of a federal statute, the *Burford* abstention doctrine does not preclude this Court from exercising jurisdiction over the claims against CTR and TI. Accordingly, CTR and TI are not entitled to summary judgment as to all claims, and their Motion is **denied**.

An **Order** will accompany this opinion.